# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**TIMOTHY RAY DAVIS, #015079**                                                          **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO.  3:06cv439DPJ-JCS**

**UNKNOWN MCBRIDE and UNKNOWN THERMAN**                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PLAINTIFF'S COMPLAINT

The Plaintiff, an inmate of the Hinds County Detention Center, Raymond, Mississippi, filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  On August 14, 2006, this Court entered two orders in this case.  One order advised the plaintiff of the consequences of the Prison Litigation Reform Act (PLRA) and directed the plaintiff to sign and return an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days.  The plaintiff has failed to comply with this order.  The second order entered on August 14, 2006, directed the plaintiff to "file a completed application for leave to proceed *in forma pauperis*, specifically the section entitled 'Certificate to Be Completed by Authorized Officer' of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court."  Plaintiff was given thirty days to comply with the order and failed to do so.

On October 10, 2006, an order was entered directing the Plaintiff to show cause, within fifteen days, why this case should not be dismissed for his failure to comply with the Court's

orders of August 14, 2006. The Plaintiff was warned in the show cause order that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint. The Plaintiff has not complied with the show cause order.

The Plaintiff has failed to comply with three Court orders. It is apparent from the Plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Plaintiff has not complied with three court orders, nor has he contacted this Court since August 10, 2006. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the Defendants have never been called upon to respond to the Plaintiff's pleading and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 28th day of November, 2006.

                                          s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE